Evans v State 






REVERSED & REMANDED 29 MARCH 1990

NO. 10-87-165-CR
Trial Court
# 7101-B
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

JERRY EVANS AND RUTH EVANS,
   Appellants
v.

THE STATE OF TEXAS,
   Appellee

* * * * * * * * * * * * *

 From 12th Judicial District Court
Leon County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
This is an appeal by defendants Jerry and Ruth Evans from
convictions for possession of cocaine, for which each was assessed
12 years in the Texas Department of Corrections.
Defendants lived in Buffalo, Leon County, Texas. Pursuant to
a search warrant issued by the Justice of Peace in Buffalo, law
enforcement officers searched defendants' home on August 21, 1986,
and seized cocaine which led to defendants' indictment for
possession of cocaine. The search warrant was issued as a result
of information supplied to Police Chief Vaughn of Buffalo by a
confidential informant. The confidential informant had been in the
home of defendants and gathered information which formed the basis
of the search warrant. Prior to going to defendants' home the
confidential informant was asked by Chief Vaughn to go to
defendants' home "to see if he could make a buy". After going to
defendants' home the confidential informant supplied the
information he had gathered to Chief Vaughn who obtained a search
warrant to search the premises. Search was made by several
officers pursuant to the search warrant, resulting in confiscation
of cocaine and in the arrest and indictment of defendants.
Defendants were convicted by a jury and punishment was
assessed by the judge at 12 years.
Defendants appeal on 6 points.
Points 2, 4 and 5 assert the trial court erred: in denying
defendants' motion to suppress all items seized in the search; in
allowing into evidence, over defendants' objection, the items
seized in the search; and in finding the search warrant valid which
formed the basis of the search.
These points assert the search warrant was not valid because
it was based on information obtained as a result of an unreasonable
search by an agent of the State in violation of the 4th Amendment
of the U.S. Constitution, and Article 1, Section 9 of the Texas
Constitution.
Defendants filed a motion to suppress the items seized as a
result of the officers' search of their home. The trial court
conducted a hearing outside the presence of the jury to determine
the validity of the search, and held the items seized were
admissible. The defendants asserted the confidential informant who
supplied the information necessary to establish probable cause for
the issuance of the search warrant was an agent of the State
because he had been instructed or directed by Chief Vaughn to go to
defendant's house for the purpose of obtaining information relating
to narcotics.
The search warrant stated in pertinent part: "Affiant Bill
Vaughn is employed as Chief of Police by the City of Buffalo and
has been a certified police officer over 13 years. On 8/21/86
affiant was informed by a confidential informant that within the
past 36 hours, the informant had personally been to the above
described residence and did personally observe Jerry and Ruth Evans
in possession of a usable quantity of marijuana. The informant has
demonstrated the ability to recognize marijuana in usable form * *
* and to recognize cocaine in usable form * * * affiant believes
the informant's information to be true and correct because over the
past several years informant has provided drug trafficking
information that has proven to be correct, and affiant believes
informant to be credible and reliable".
Chief Vaughn testified that the confidential informant
contacted him by telephone "about possible narcotics at the Evans
house"; that he went over to the informant's house and talked with
him; that the informant volunteered to help [Chief Vaughn] with
"anything"; that he [Chief Vaughn] asked the informant "if he was
willing to try to make a buy"; that the informant replied, "he
would"; that the informant went to defendants' house, then reported
back to Chief Vaughn; that based on his information, the Chief
swore out a search warrant for the house; that the confidential
informant purchased cocaine from defendants; that the confidential
informant was not a police officer and did not have a criminal
record. The informant did not offer to go to defendants' house
until Chief Vaughn asked him to do so.
The trial court found that the confidential informant was not
an agent of the State as a matter of law; and admitted all items
seized to be introduced in evidence before the jury, including the
cocaine which was the subject of the indictment.
Both the U.S. and Texas Constitutions prohibit law enforcement
officers or persons acting as agents for law enforcement officers
from making unreasonable searches. This includes activities
recited as probable cause in a search warrant. A private citizen,
not a law enforcement officer or acting as the agent of a law
enforcement officer, is not subject to the constitutional
prohibitions.
Where a search is conducted, as here, by a private individual,
i.e., the confidential informant, the search is subject to the
constitutional prohibitions when the individual can be regarded as
an agent or an instrument of the State, in the light of all of the
circumstances in the case. If the police induce a search by an
individual, the individual becomes an agent of the State. Bodde v.
State, Ct.Crim.Appls, 568 S.W.2d 344; Burdeau v. McDowell, U.S.
S.Ct., 41 S.Ct. 574; Hall v. State, Ct.Crim.Appls, 643 S.W.2d 738;
Coolidge v. New Hampshire, U.S. S.Ct., 91 S.Ct. 2011.
Under this record and all of the circumstances in the case, we
think the confidential informant was an agent of the State.
Thus, the items seized as a result of the search conducted
under the search warrant were not admissible. The search warrant
was obtained on information secured in a search of defendants' home
by the confidential informant who was induced by Chief Vaughn to go
to defendants' house and make a buy. He became an agent of the
State and could only make a valid and legal search if he had a
search warrant or had express permission of the defendants.
Points 2, 4 and 5 are sustained.
We cannot say that beyond a reasonable doubt the error made no
contribution to the defendants' conviction. Rule of Criminal
Procedure 81(b)(2).
Points 1, 3 and 6 are not reached under our view of the case.
The conviction and judgment are reversed and the caused is
remanded to the trial court.
REVERSED & REMANDED
 
                               FRANK G. McDONALD
DO NOT PUBLISHChief Justice (Retired)

[Participating: Chief Justice Thomas, Justices Hall and Means, and
Chief Justice (Retired) McDonald]